**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30124
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL FELTON,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(CR-92-33-I)

November 16, 1995

Before GARWOOD, WIENER and PARKER, Circuit Judges.

Per curiam:[*]

A jury convicted Appellant, Michael Felton (Felton) of conspiracy to possess and pass counterfeit notes, possession of counterfeit notes, and conspiracy to distribute marijuana. At sentencing, Felton unsuccessfully objected to increases in his

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

offense level for obstruction of justice and the quantity of drugs involved. This Court affirmed the convictions on direct appeal, but determined that Felton should not have been sentenced as a career offender. We then vacated Felton's 262-month sentence and remanded for resentencing. *United States v. Wallace*, 32 F.3d 921, 931 (5th Cir. 1994). We found it unnecessary to address Felton's challenges to his offense level, but noted that we would not reverse the district court's finding absent clear error. *Id.* at 931 n.13.

Without the career offender enhancement, Felton's guidelines sentencing range was 77 to 96 months. On resentencing, the district court again rejected Felton's arguments concerning the quantity of drugs and the obstruction of justice enhancement, readopted its original factual determinations, and sentenced Felton to a total term of ninety months. Felton argues both sentencing issues on appeal.

We have reviewed the record and the trial court's factual determinations concerning the quantity of drugs and Felton's obstruction of justice. Because we find that the trial court's findings on these issues were not clearly erroneous, we AFFIRM.

AFFIRMED.